UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TODD HORATIO WHITE, ET AL.            CIVIL ACTION

VERSUS

NBA PROPERTIES, INC., ET AL.            NO.: 14-00574-BAJ-SCR

## RULING AND ORDER

Before the Court is Defendants' **Rule 12(b)(5) and Rule 4(m) Motion to Dismiss for Insufficient and Untimely Service of Process (Doc. 7)**, filed by NBA Properties, Inc., Ayala Deutsch and Sacha Tarrant (collectively, "Defendants"). Todd Horatio White and Cajun Supermarket, Inc. (collectively, "Plaintiffs") oppose the motion. (Doc. 10). Defendants filed a reply memorandum in opposition. (Doc. 13). Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

On August 12, 2014, Plaintiffs filed the instant action in the Nineteenth Judicial District Court for the Parish of East Baton Rouge alleging state law defamation and tort claims. (Doc. 1-2). Specifically, Plaintiffs allege that Defendants defamed them by sending a letter to Plaintiff Todd White and a second letter to his father, Darrell White, requesting that White and his company, Cajun Supermarket, Inc., cease and desist the use of the internet domain name "NBASTYLE.COM," which the Defendants contend infringes upon Defendants' trademark rights. (Docs. 1-2 at ¶¶ 3-5, 9-10). Plaintiffs further allege that

Defendants defamed them by filing a complaint pursuant to the Uniform Domain-Name Dispute Resolution Policy with the Asian Domain Name Dispute Resolution Centre. (*Id.* at ¶¶ 17-23). Plaintiffs' Petition seeks damages, injunctive relief and attorney's fees and costs. (*Id.* at ¶¶ 46-47). On September 12, 2014, following service of the Petition, Defendants timely removed the action to the United States District Court for the Middle District of Louisiana on the basis of diversity jurisdiction. One-hundred and twenty-five days later, Defendants filed the instant motion.

Under Federal Rule of Civil Procedure ("Rule") 4, a plaintiff is responsible for serving the defendant with a complaint and summons. Fed. R. Civ. P. 4(c)(1). Proper service is critical because "[i]t is axiomatic that in order for there to be in personam jurisdiction there must be valid service of process." *Attwell v. LaSalle Nat. Bank*, 607 F.2d 1157, 1159 (5th Cir. 1979). Indeed, "[a] court which lacks personal jurisdiction over a defendant cannot enter a valid judgment against that defendant." *Trust Co. of Louisiana v. N.N.P. Inc.*, 104 F.3d 1478, 1486 (5th Cir. 1997) (quoting *Broadcast Music, Inc. v. M.T.S. Enters.*, 811 F.2d 278, 281 (5th Cir. 1987)). Therefore, if a plaintiff fails to properly effectuate service, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5). *See* Fed. R. Civ. P. 12(b)(5) (authorizing a court to dismiss a civil action when service of process is inadequate).

Here, Defendants contend that under Louisiana law, which governed this action prior to its removal to the United States District Court for the Middle

District of Louisiana, Plaintiffs were required to serve Defendants via Louisiana's Long-Arm Statute, La. R.S. 13:3201 *et seq.*, but failed to do so. (Doc. 7). Instead, Plaintiffs improperly requested citation and service on all Defendants through the Louisiana Secretary of State, who mailed a copy of the documents via certified mail to the address provided by Plaintiffs, without any return requested. (Doc. 7-1 at pp. 4-7). In addition, Plaintiffs, again via the Louisiana Secretary of State, improperly served the individual Defendants at their place of employment. Defendants further contend that Plaintiffs then failed to timely correct the deficient service within the 120-day period after removal to this Court pursuant to Rule 4(m). (Doc. 7-1 at pp. 7-9). In response, Plaintiffs concede that service was not "in conformity with the Louisiana Long Arm Statute," but assert that "Louisiana jurisprudence supports maintaining the validity of service effected on Defendant[s] in this manner," and argue that Defendants' delay in asserting the defense of improper service "contradicts the requirements" of Rule 81(c). (Doc. 20 at p. 2).

Despite the importance of proper service, the United States Court of Appeals for the Fifth Circuit has held that "the district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986) (per curiam); *see also Kreimerman v. Casa Verrkaml, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). When a court finds that service is insufficient, but the insufficiency is curable, "it generally should quash the service and give the plaintiff an opportunity to serve the defendant." *Albo v. Suzuki Motor Corp.*, No.

308-0139, 2008 WL 2783508, *1 (W.D. Tex. July 2, 2008) (quoting *Rhodes v. Sauer & Sohn, Inc.*, 98 F. Supp.2d 746, 750 (W.D. La. Apr. 4, 2000)). Ultimately, however, whether to dismiss an action or quash and allow for service to be re-attempted remains within the broad discretion of the district court. *See George*, 788 F.2d at 1116. *See, e.g., Richard v. City of Port Barre*, No. 14-02427, 2015 WL 566896, *2-3 (W.D. La. Jan. 20, 2015) (affording plaintiffs, who did not effectuate proper service under Louisiana law, twenty-one days to properly effectuate service on defendants).

It is under this authority and in the interest of efficiency that the Court denies Defendants' motion for the following reasons. First, Plaintiffs did make efforts to serve Defendants, albeit improperly. However, Defendants' filing of the instant motion confirms that they are and have been on notice of the claims contained in Plaintiffs' Petition. Therefore, it does not appear that Defendants have suffered any prejudice to their ability to defend this suit as a result of the defective attempt at service, nor have they made any arguments to this effect. Additionally, there appears to be a reasonable prospect that proper service will be obtained if another attempt at serving Defendants was made.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Defendants' **Motion to Dismiss (Doc. 7)** is **DENIED**.

**IT IS FURTHER ORDERED** that the improper service be **QUASHED**, and that Plaintiffs properly serve NBA Properties, Inc., Ayala Deutsch and Sacha

4

Tarrant within fourteen (14) days from entry of this Order. Failure to effectuate proper service may result in the dismissal of the above-captioned matter.

Baton Rouge, Louisiana, this 28th day of April, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**