UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TODD HORATIO WHITE, ET AL.                          CIVIL ACTION

VERSUS

NBA PROPERTIES, INC., ET AL.                 NO.: 14-00574-BAJ-EWD

RULING AND ORDER

Before the Court is a **Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) or Alternatively, Motion for Summary Judgment (Doc. 18)** filed by Defendants NBA Properties, Inc., Ayala Deutsch, and Sacha Tarrant (collectively, "Defendants"). Plaintiffs Todd Horatio White and Cajun Supermarket, Inc. (collectively, "Plaintiffs") have filed a motion in opposition, (Doc. 19), to which Defendants have replied, (Doc. 22). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. For reasons explained herein, Defendants' motion is **GRANTED**.

I.    **BACKGROUND**

Plaintiffs assert that the allegations made by Defendants in two cease and desist letters, (*see* Doc. 1-2 at pp. 14—17), and a subsequent Uniform Domain Name Dispute Resolution Policy[1] proceeding, (*id*. at pp. 18—25), constitute defamation under LA. CIV. CODE art. 2315, (*id*. at pp. 2—13). Defendants respond that: (1) all claims against Defendants Ayala Deutsch and Sacha Tarrant should be dismissed

---

[1] The Internet Corporation for Assigned Names and Numbers ("ICANN") provides that all domain-name disputes must be resolved before the Asian Domain Name Dispute Resolution Centre ("ADNDRC") pursuant to the Uniform Dispute Resolution Policy ("UDRP"). *See Lockheed Martin Corp. v. Network Sols., Inc.*, 141 F. Supp. 2d 648, 651—52 (N.D. Tex. 2001).

pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), and (2) all claims against Defendant NBA Properties, Inc. should be dismissed pursuant to either Rule 12(b)(6) or Rule 56. (*See* Doc. 18).

## II.   DISCUSSION

### A.   The Court Lacks Personal Jurisdiction over Defendants Ayala Deutsch and Sacha Tarrant.

On August 14, 2013, Defendant Sacha Tarrant ("Tarrant") wrote a letter to Plaintiff Todd Horatio White demanding that he cease and desist use of the internet domain name "NBASTYLE.COM". (*See* Doc. 1-2 at pp. 14—15). On August 28, 2013, Defendant Ayala Deutsch ("Deutsch") wrote a letter to Darrell White of Plaintiff Cajun Supermarket, Inc. offering to purchase the domain name "NBASTYLE.COM" for $1,000 and threatening to initiate a Uniform Domain Name Dispute Resolution Policy proceeding[2] if he refused. (*Id*. at pp. 16—17). Both Defendants are lawyers who, in writing the above-letters, were acting on behalf of their employer/client NBA Properties, Inc. (*Id*. at pp. 15, 17) (signature lines); (*See* Doc. 18-3 at ¶¶ 2, 5, 15); (*See* Doc. 18-4 at ¶¶ 4, 11—12).

Plaintiffs[3] assert that these letters "constitute more than sufficient contact to establish [personal] jurisdiction" over Defendants Tarrant and Deutsch. (*See* Doc. 19

---

[2] *See supra* p. 1 n.1.

[3] With respect to the issue of personal jurisdiction, the burden is Plaintiffs' to bear. *See Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

at p. 3). However, neither a cease and desist letter[4] nor a settlement offer[5] can, without more, confer personal jurisdiction over a non-resident defendant such as Tarrant[6] or Deutsch.[7]

Defendants' motion is therefore **GRANTED**,[8] and Plaintiffs' claims against Tarrant and Deutsch are hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(2).

### B.   Defendant NBA Properties, Inc. is Entitled to Summary Judgment Pursuant to the Doctrine of Qualified Privilege.

Defendant NBA Properties, Inc. moves for summary judgment[9] pursuant to Rule 56,[10] asserting that the defamatory statements upon which Plaintiffs' claims rest are subject to qualified privilege. "Qualified privilege is an affirmative defense to defamation provided by Louisiana law[11] for one who can prove that he made a statement (1) in good faith (2) on a matter in which he had an interest or a duty (3)

---

[4] *See Sinclair v. StudioCanal, S.A.*, 709 F. Supp. 2d 496, 508 (E.D. La. 2010); *DNH, L.L.C. v. In-N-Out Burgers*, 381 F. Supp. 2d 559, 564 (E.D. La. 2005) (citing cases).

[5] *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478—79 (1985).

[6] *See* Doc. 18-4 at ¶¶ 15—24.

[7] *See* Doc. 18-3 at ¶¶ 15, 19.

[8] Accordingly, all arguments related to the fiduciary shield doctrine are moot. *See* Doc. 18-1 at pp. 7—9.

[9] "[A] party may file a motion for summary judgment at *any* time until 30 days after the close of all discovery." *See* Fed. R. Civ. P. 56(b) (emphasis added).

[10] For the reasons provided *infra*, all arguments related to Defendants' motion to dismiss pursuant to Rule 12(b)(6) are moot. *See* Doc. 18-1 at pp. 9—13.

[11] Given that jurisdiction in this case is proper pursuant to 28 U.S.C. § 1332, the Court's analysis is governed by state substantive law. *See Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 993 (5th Cir. 1999) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

to another person with a corresponding interest or duty." *Smolensky v. McDaniel*, 144 F. Supp. 2d 611, 618—19 (E.D. La. 2001) (quoting *Stockstill v. Shell Oil Co.*, 3 F.3d 868, 872 (5th Cir. 1993)); *see also Kennedy v. Sheriff of E. Baton Rouge*, 2005-1418 (La. 7/10/06); 935 So. 2d 669, 682. If there is a genuine dispute of material fact as to any of these three elements, summary judgment will not lie. *See* Fed. R. Civ. P. 56(a).

Plaintiffs do not dispute that Defendant NBA Properties, Inc. had an interest or a duty in the allegedly defamatory statements it made. Nor do Plaintiffs dispute that the allegedly defamatory statements were made to parties with a corresponding interest or duty. Rather, Plaintiffs assert that because Defendant NBA Properties, Inc. has allegedly "used language that is inaccurate and misleading," the question of good faith is a "credibility determination" that "entitles Plaintiffs[] to their day in court." (*See* Doc. 19 at p. 5).

In support of their position, Plaintiffs cite *Painter v. Suire*, No. 12-cv-511, 2014 WL 3897660, at *2 (M.D. La. Aug. 8, 2014), a case in which the court held that a motion for summary judgment does not lie where the defense of qualified immunity is invoked absent "a judicial determination" that the allegedly defamatory statements "were actually made in good faith." But *Painter* is inapplicable where, as here, a quasi-judicial body[12] has rendered judgment in Defendants' favor. (*See* Doc. 1-2 at p.

---

[12] There can be little doubt that the ADNDRC, *see* supra p. 1 n.1, is a quasi-judicial body, *cf. Grace v. Louisiana Hous. Fin. Agency*, No. 11-cv-752, 2012 WL 1252623, at *4, *5 n.5 (M.D. La. Mar. 13, 2012) (referring to a state unemployment hearing as a a "quasi-judicial proceeding"), report and recommendation adopted, 2012 WL 1253005 (M.D. La. Apr. 13, 2012); *Lockheed*, 141 F. Supp. 2d at 651—52 (discussing the procedure by which domain-name disputes are resolved); *Williams v. DiVittoria*, 777 F. Supp. 1332, 1340 (E.D. La. 1991) (referring to an attorney disciplinary hearing as a "quasi-judicial proceeding").

4

26). Moreover, Plaintiffs have not offered[13] any evidence[14] to rebut Defendants' good-faith defense. *Compare Maggio v. Liztech Jewelry*, 912 F. Supp. 216, 220 (E.D. La. 1996) (noting that under Louisiana law, a statement is made in "good faith" when the person making it honestly and reasonably believes it to be correct), *with* (Doc. 19 at p. 5) (wherein Plaintiffs assert that Defendants' statements were not made in good faith because they employed "language that is inaccurate or misleading").

Defendants' motion is therefore **GRANTED**, and Plaintiffs' claims against NBA Properties, Inc. are hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 56.

---

[13] Defendants' assertion of qualified privilege had the "practical effect" of shifting the summary-judgment-burden onto Plaintiffs. *See Kennedy*, 935 So. 2d at 683.

[14] Such evidence would have, of course, been viewed in a light most favorable to Plaintiffs. *See Coleman v. Houston Independent School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

## III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) or Alternatively, Motion for Summary Judgment (Doc. 18)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendants Ayala Deutsch and Sacha Tarrant are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant NBA Properties, Inc. are **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 7th day of January, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

6